María del Pilar Casalduc, Appellant, *v.* Registrar of Property of Utuado, Respondent.

No. 1219. Submitted November 3, 1947.—Decided December 4, 1947.

*G. Zeno Sama* for appellant. The registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Again [1] an appeal is taken from a second note issued by

---

[1] See *Casalduc* v. *Registrar, ante,* p. 582.

the registrar in recording deed number twenty-six, executed in Utuado on March 13, 1947, before Notary Gustavo Zeno Sama by Asunción María del Pilar Roselló Casalduc in favor of María del Pilar Casalduc Roselló, covering the sale of a lot and two condomonia in certain properties situated in the urban zone of Utuado. The note now before us reads thus:

"This deed is recorded at the folios and volumes on the margin of the description of each property with the following curable defects: as to property under letter A, with the curable defect that the document did not state the 'southern' boundary of the property; as to the undivided condominium B, with the reservation of the usufructuary share which may correspond to the surviving spouse Juan Luis Roselló Sintes, and with the curable defect that in the tenth line of the third paragraph on page two the initials 'doctor F. N. Carrasquillo' were used, which is in violation of the provisions of the Notarial Act in force; and as to the undivided condominium C, with the curable defects that in paragraphs two, first and last, of page three, Arabics numerals and the initials of 'doctor F. N. Carrasquillo' were used, contrary to the provisions of the Notarial Act in force and with the reservation of the usufructuary quota which may correspond to the surviving spouse, Juan Luis Roselló Sintes. Utuado, August 15, 1947."

The so-called curable defects pointed out by the respondent consist, first in that the deed failed to state the southern boundary of property A; second, in that it did not state the reservation of the usufructuary quota which may correspond to the surviving spouse Mr. Roselló Sintes in properties A and C, and third, in that the initials F. N. of Dr. Carrasquillo were used and in having used Arabic figures with respect to property C. Let us see whether these defects are curable.

■■ Section 65 of the Mortgage Law, as amended by Act No. 20 of July 9, 1936 (Spec. Sess. Laws, p. 152) provides that:

"Curable defects shall be those which affect the validity of an instrument without necessarily producing the nullity of the obligation therein constituted.

"Registrars shall not suspend the record, entry or cancellation of any instrument by reason of curable defects. The defects which the instrument may have shall be set forth in the record and whenever the necessary documents are presented for correcting the defects in the instrument, such correction·shall be set forth by means of a marginal note.

"Incurable defects shall be such as necessarily render the obligation null and void.

"From the classification of curable defects made by the registrars, the interested party may appeal to the Supreme Court for final decision. The Supreme Court shall confirm or revoke the ruling of the registrar and the latter shall proceed in accordance with said decision."

And subdivision 1 of § 9 of said Law provides, insofar as pertinent, that "Every record made in a registry shall set forth the following details: 1. The nature, location and bounds of the real property the subject of record. . .". Subdivision 3 of § 63 of the Mortgage Law Regulations provides that "In order to indicate exactly the estates and rights which may be the subject of the records, registrars shall observe the following rules in carrying out the provisions of article 9 of the law: Third: The location of *urban* estates shall be determined by stating the town in which they may be located; the *name of the street* or place; their number, if they have any, . . . the boundaries, and any other detail which may serve to distinguish the recorded estate from another." (Italics ours.)

In deed number twenty-six, *supra,* sought to be recorded, property A was described thus:

"A. Urban: Lot situated on the northern sidewalk of 'General Maceo' Street of Utuado, measuring twelve meters in front by twenty meters in depth, that is, an area of two hundred and forty square meters, bounded on the north, or back, by the lands of the Rosselló-Casalduc sisters; on the east, or left, by the house of Federico M. Maestre, and on the west, or right, by a house and lot of the Cuétara brothers, now María del Pilar Casalduc."

The property appears recorded in the Registry of Property of Utuado with this description from the first entry. Technically, the registrar is right when he says that said description does not expressly mention the southern boundary of the property, but a slight examination of the description makes us realize that when it says that the property is situated on the northern sidewalk of General Maceo Street and the northern boundary is given as the back of the property, we must conclude that the southern boundary can be no other than General Maceo Street. Unlike subdivision 2 of § 63, supra, which upon referring to *rural* property it requires that the boundaries be stated "according to the four cardinal points",[2] subdivision 3, when referring to *urban* properties, does not contain this requirement, but merely provides that the boundaries be given with the street name and number, if any.

We are of the opinion that the property under letter A is duly identified and specified, inasmuch as it was described in the deed such as it was recorded in the registry. The defect noted by the respondent does not exist.

As to the defect that the deed failed to state, with respect to properties B and C, the usufructuary share in favor of the spouse Juan Luis Roselló Sintes, appellant alleges that said surviving spouse waived his usufructuary share in favor of his daughters according to the first and third entries of said properties.

It is true that it appears from said entry that when the liquidation and adjudication of the property left by Carmen Altagracia Casalduc Colón was executed, said properties were adjudicated to her daughters, as sole heirs, it being established that the widower Juan Luis Roselló Sintes had waived the usufructuary share in favor of said daughters, but it is no less true that it appears from those entries that said heirs stated that "they wish and consent that Roselló

---

[2] See *Jiménez* v. *Registrar,* 24 P.R.R. 577; *Municipality* v. *Registrar,* 52 P.R.R. 76.

Sintes, their legitimate father, be sole administrator of the aforesaid property . . . and *the usufructuary thereof during his life, and pray that it be so stated in the registry.*" (Italics ours.) And indeed when these properties were recorded in 1923 the registrar stated that he recorded the title in favor of the daughters "with the right of the usufruct in favor of Juan Luis Roselló Sintes."

So that we have no doubt that upon recording the deed of sale now with respect to properties B and C the fact should be recorded that in said deed no mention was made of the usufructuary right which the daughters of Juan Luis Roselló Sintes granted to him over all the property which they inherited from their mother. This usufruct, however, does not constitute "the usufructuary share which may correspond to the surviving spouse" as the registrar stated and noted as curable defect.

Therefore, the registrar erred as to the manner in which he noted this defect.

██ Appellant alleges that the use of the initials F. N. preceding the name of Dr. Carrasquillo does not constitute the use of an abbreviation. Of course, we do not agree with the appellant inasmuch as the word abbreviation means *"representación de las palabras en la escritura con sólo varias o una de sus letras, empleando a veces únicamente mayúsculas y poniendo punto después de la parte escrita de cada vocablo."*—*Diccionario de la Lengua Española, de la Real Academia Española* (16th ed., 1939)—("the form to which a word or phrase is reduced by contraction or omission; a letter or letters of word or phrase used in its place for brevity"—Webster's New National Dictionary of the English Language (2d ed. 1935))—however, we do not think that the registrar was justified in classifying the use of said abbreviations or the use of Arabic numbers and figures in the deed as a curable defect because obviously these faults are not of the nature of curable defects, inasmuch as they do not affect the

validity of the deed as provided by § 65 of the Mortgage Law, *supra*. At most, they constitute irregularities in the drafting of the deed.

The note of the registrar should be reversed and the recordation of the document ordered with the only curable defect that it failed to state, as to properties B and C, "the usufructuary right in favor of Juan Luis Roselló Sintes."